# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1644V

| | | |
|---|---|---|
| NICHOLAS D. GOETTL, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 4, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Anne C. Toale*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.

*Felicia Langel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 2, 2021, Nicholas D. Goettl filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he received the influenza ("flu") vaccine on October 17, 2018, and that he suffered from Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table, or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), or in the alternative, his alleged injury was caused-in-fact or significantly aggravated by the flu vaccine. Moreover, Petitioner alleges that he experienced residual effects of this injury for more than six months.

Respondent denies that the flu vaccine caused Petitioner to suffer a GBS Table injury or

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

CIDP, or any other injury or condition. Respondent also denies that the flu vaccine caused Petitioner to suffer a significant aggravation of any pre-existing GBS or CIDP, or that his current condition is a sequela of a vaccine-related injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on April 4, 2024), that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $62,500.00 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

NICHOLAS D. GOETTL,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 21-1644V
Chief Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Nicholas D. Goettl, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on or about October 17, 2018.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered from Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table, or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), or in the alternative, his alleged injury was caused-in-fact or significantly aggravated by the flu vaccine. He further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that petitioner sustained a GBS Table injury or CIDP; denies that the flu vaccine caused or significantly aggravated petitioner's alleged GBS or CIDP, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled, and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $62,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i) and subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors, and/or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims under the Vaccine Program on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 17, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about August 2, 2021, in the United States Court of Federal Claims as petition No. 21-1644V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court of Federal Claims on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment, or do any act or thing, other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and, further, that a change in the nature of the injury or condition, or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner suffered from GBS or CIDP; that the flu vaccine caused or significantly aggravated petitioner's alleged GBS, CIDP, or any other injury or condition; or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*Nicholas Goettl* (electronically signed)

NICHOLAS D. GOETTL

**ATTORNEY OF RECORD FOR PETITIONER:**

ANNE CARRION TOALE
MAGLIO CHRISTOPHER & TOALE
1605 Main Street, Suite 710
Sarasota, FL 34236
atoale@mctlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S (Digitally signed by Jeffrey S. Beach -S, Date: 2024.03.26 08:49:11 -04'00') for

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

FELICIA D. LANGEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
felicia.d.langel@usdoj.gov

DATE: 4/4/24