# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1644V

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| NICHOLAS D. GOETTL, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: May 14, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Anne C. Toale*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.

*Felicia Langel*, U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 2, 2021, Nicholas D. Goettl filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he received the influenza ("flu") vaccine on October 17, 2018, and that he suffered from Guillain-Barré syndrome within the time period set forth in the Table, or Chronic Inflammatory Demyelinating Polyneuropathy, or in the alternative, his alleged injury was caused-in-fact or significantly aggravated by the flu vaccine. Thereafter, the parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Apr. 4, 2024 (ECF No. 39).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 23, 2024 (ECF No. 43) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $96,388.00 (representing $76,525.90 in attorney's fees, plus $19,862.10 in costs) for the work performed by the Maglio, Christopher, & Toale Law Firm ("mctlaw"). Mot. at 1–2. Respondent reacted to the fees request on April 24, 2024. *See* Response, dated Apr. 24, 2024 (ECF No. 45). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a reply, maintaining his position and requesting that he be awarded the requested fees and costs as indicated. Reply, dated Apr. 30, 2024 (ECF No. 47).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$96,388.00**.

## I.   Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which base the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for the mctlaw attorneys who provided legal services in this case, based on the years work was performed:

2

| | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|
| **Altom Maglio (Attorney)** | $400.00 | -- | -- | -- | -- | -- |
| **Anne Toale (Attorney)** | -- | -- | -- | $500.00 | $535.00 | $570.00 |
| **Catherine Costigan (Attorney)** | -- | -- | -- | $345.00 | -- | -- |
| **Danielle Strait (Attorney)** | -- | -- | $395. | $415.00 | $450.00 | -- |
| **Elizabeth Abramson (Attorney)** | -- | -- | -- | $250.00 | $295.00 | -- |
| **Jessica Olins (Attorney)** | $199.00 | $225.00 | -- | -- | -- | -- |
| **Josepch Vukovich (Attorney)** | -- | -- | -- | $385.00 | -- | -- |
| **LeeAnne Pedrick (Attorney)** | -- | -- | -- | $220.00 | -- | -- |
| **Theodore Hong (Attorney)** | -- | $323.00 | $350.00 | -- | -- | -- |

ECF No. 43-2 at 31–32.

Ms. Toale and the other mctlaw attorneys participating in this case practice in Sarasota, Florida and Washington, D.C.—jurisdictions that have been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch. See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested (including newly-requested 2024 rates specific to Ms. Toale) are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule. [3] *Franklin v. Sec'y of Health & Hum. Servs.*, No. 21-885V, 2023 WL 638242 (Fed. Cl. Spec. Mstr. Sept. 7, 2023). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates. [4]

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited May 14, 2024).

[4] The rates for the paralegals who worked on this matter are also consistent with what has previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 43-2 at 31–32.

## II.      Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $19,862.10 in outstanding costs, including the filing fee, medical record and medical literature retrieval costs, mailing costs, and costs associated with a single expert, Joshua P. Alpers, M.D. ECF No. 43-3 at 1–2, 39–42; 52–53. Dr. Alpers reviewed the medical records and authored one written report in the matter. He submitted two invoices reflecting a total amount of $18,500.00 charged to the matter (37 hours of work billed at $500.00 per hour). *Id.* at 39–42; 52–53. This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$96,388.00**, reflecting $76,525.90 in attorney's fees and $19,862.10 in costs, in the form of a check made payable to Petitioner and her attorneys at Maglio, Christopher, & Toale, PA. Petitioner request that payment be forwarded to mctlaw, 1605 Main Street, Ste 710, Sarasota, Florida, 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.